# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAKOTA L. HOWELL,

        Petitioner,       :    Case No. 3:21-cv-083

  - vs -                          District Judge Michael J. Newman
                                  Magistrate Judge Michael R. Merz

NORMAN ROBINSON WARDEN,
 London Correctional Institution,

                                 :
        Respondent.

## DECISION ON PENDING MOTIONS AND ORDER FOR ANSWER

This habeas corpus case is before the Court for initial screening under Rule 4 of the Rules Governing § 2254 Proceedings. The case was referred to the undersigned pursuant to General Order Day 13-01. Ultimate decision of the case remains with District Judge Newman.

Upon preliminary consideration pursuant to Rule 4, the Court finds that it does not plainly appear from the face of the Petition and any exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than May 11, 2021, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

This Order does not authorize a motion to dismiss in lieu of an answer. If Respondent wishes to obtain an adjudication of an affirmative defense apart from a decision on the merits, Respondent may file a motion for judgment on the pleadings after the answer is filed.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. The Court's CM/ECF Procedures Guide provides:

> 1.1 Unless permitted by these procedures or otherwise authorized by the assigned Judicial Officer or other rule, all documents submitted for filing in this District shall be electronically filed using the Case Management/Electronic Case Filing system ("CM/ECF") by converting each document into a searchable text PDF document and uploading it into CM/ECF.

(June, 2019, revision; available at www.ohsd.uscourts.gov.) Compliance with this rule is mandatory and needed for the Court's use of the record.

When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

As required by Fed.R.Civ.P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after filing of the answer, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

The case is also before the Court on Petitioner's Motion for Evidentiary Hearing (ECF No. 2).  The grant of evidentiary hearings in § 2254 cases has been severely restricted by the Supreme Court in *Cullen v. Pinholster*, 563 U.S. 170 (2011).  Basically under *Pinholster* the District Court cannot consider evidence from an evidentiary hearing until and unless it finds the state court decision is contrary to or an unreasonable application of Supreme Court precedent or is based on a determination of the facts that is unreasonable in light of the evidence presented in the state courts.  28 U.S.C. § 2254(d)(1) and (2). Accordingly, Petitioner's Motion for an Evidentiary Hearing is denied without prejudice to its renewal if the Court determines Petitioner's case has surmounted the hurdles provided by those statutes.

Finally, the case is before the Court on Petitioner's Motion for Appointment of Counsel (ECF No. 3).  As Petitioner notes, 18 U.S.C. § 3006A makes appointment of counsel discretionary in habeas corpus cases unless an evidentiary hearing is ordered.  In the prior paragraph the Court declined to grant an evidentiary hearing at this stage of the proceedings.  If that ruling changes, the Court will appoint counsel.  As Petitioner notes, his situation is complicated by the restrictions on movement within the prison because of COVID-19.  However, the pandemic is not limited in the restrictions it has required to Petitioner's place of imprisonment and Congress has not appropriated additional funds to provide for counsel in light of the pandemic.  Finally, Petitioner emphasizes the dissent of Judge Donovan in the Second District Court of Appeals in this case.  While this does not of itself provide a basis for appointment of counsel, the Magistrate Judge assures Petitioner that he holds Judge Donovan in the highest personal and professional regard and

will give her opinion appropriate consideration. However, the Motion for Appointment of Counsel is denied without prejudice to its renewal if an evidentiary hearing is granted or other circumstances present themselves.

March 11, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING RECORD CITATIONS#

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**