**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DAKOTA L. HOWELL,

                Petitioner,              :      Case No. 3:21-cv-083

  - vs -                        District Judge Michael J. Newman
                                          Magistrate Judge Michael R. Merz

NORMAN ROBINSON WARDEN,
 London Correctional Institution,


                                  :
              Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This case is before the Court on Petitioner's Objections (ECF No. 24) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 21). District Judge Newman has recommitted the case for further analysis in light of the Objections (Recommittal Order, ECF No. 25).

The Petition contains nine Grounds for Relief (ECF No. 1, PageID 40-48). Petitioner objects to the recommended disposition of each of them and they are considered here seriatim.


**Ground One: Failure to Suppress Petitioner's Statement**


In his First Ground for Relief, Petitioner claims his statement to Detective Hartwell, admitting that he had sexual intercourse with the victim-witness at the time and place she alleged but asserting it was consensual, should have been suppressed. The Second District Court of

Appeals treated this as a claim that the statement was involuntary and should have been suppressed

under the Fifth Amendment.  *State v. Howell*, 2020-Ohio-821, ¶¶ 2-7, 19-24 (Ohio App. 2nd Dist.

Mar. 6, 2020).  Because the Second District decided this constitutional claim on the merits,

Howell's burden, the Report found, was to show this conclusion was an objectively unreasonable

application of relevant Supreme Court precedent (Report, ECF No. 21, PageID 864-65, citing

*Miranda v. Arizona*, 384 U.S. 436 (1966)).

Detective Hartwell testified the statement was made before he turned on the recording

equipment in the interview room.  The Second District found:

> [There is] nothing on this record to indicate that Howell's statements
> to Hartwell prior to the initiation of the recording were involuntary.
> There was no evidence that Hartwell physically or mentally coerced
> Howell into speaking with him, nor was there evidence that Hartwell
> made any threats or promises. As stated, Howell admitted on the
> recording that he had agreed to speak to Hartwell. Further, we
> cannot say Hartwell's testimony was inherently incredible.

*Howell, supra*, at ¶ 24.

In his Traverse, Howell argued that Hartwell should not have been allowed to testify to any

statements that were not recorded:  "The system of justice does not include any detective saying

what they want without corroberation [sic] or a recording." (ECF No. 20, PageID 842).  The Report

rejected this argument:

> It is not now and never has been the law in the United States that
> testimony is inadmissible unless it is corroborated or the incident is
> recorded. Because the ability to make video and audio recordings
> has become so ubiquitous with the spread of cellphones, it is not
> surprising that someone would begin to make that assertion. . . . In
> the fifty-five years since the *Miranda* decision, there have been
> millions of statements by defendants admitted in evidence where
> there was no corroboration or recording.

(ECF No. 21, PageID 865).  The Report also noted that Howell, testifying at the suppression

hearing, did not deny making the unrecorded statement to Hartwell.  The Report recommended

2

dismissing Ground One in deference to the Second District's reasonable application of *Miranda*.

Howell objects first that his statement to Hartwell was inadmissible hearsay (Objections, ECF No. 24, PageID 895). Not so. Ohio R. Evid. 801(d)(2) excepts from the very definition of hearsay a statement made by a party-opponent, in this case by a defendant to law enforcement.

Howell next objects that the admission of Hartwell's testimony violated *Miranda* because of inconsistencies between his suppression testimony and his trial testimony. *Id.* at PageID 895-97. The Objections contain no record references to where these supposed inconsistencies exist.[1]

More importantly and assuming the inconsistencies Howell alleges, presenting conflicting testimony does not violate *Miranda*. The purpose of the *Miranda* rule is to curb abusive behavior by the police; where there is no evidence of such behavior, statements by those in custody are deemed voluntary. *Colorado v. Connelly*, 479 U.S. 157, 161-62 (1984). Howell's statement to Hartwell admitting sexual intercourse but claiming it was consensual is an obviously self-serving statement by a person who knows he is under arrest for rape. The self-justifying nature of the statement, which Howell did not deny making, supports a finding that it was voluntary.

Howell's objections as to Ground One are without merit.

**Ground Two: Improper Questioning About Prior Bad Acts**

In his Second Ground for Relief, Howell claims the trial court erred by allowing him to be questioned about prior sexual activity in violation of Ohio Revised Code § 2945.59 and Ohio's rape shield law. The Report concluded this claim arises solely under Ohio law and is therefore not

---

[1] Indeed, the Objections contain no record references at all. When ordering the State to answer the Petition in this case, the Court required that the State file it in text searchable format and provide a copy to Petitioner so that he could comply with the Order and cite to the specific page of the record to which he was referring. He has not done so. (Order for Answer, ECF No. 6, PageID 55.)

cognizable in federal habeas corpus (ECF No. 21, PageID 866-67).  The Objections do not respond

to that particular conclusion, but under Ground Two offer an extended argument against allowing

prior bad acts/propensity evidence.  "There is no clearly established Supreme Court precedent

which holds that a state violates due process by permitting propensity evidence in the form of other

bad acts evidence."  *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme

Court refused to reach the issue in *Estelle v. McGuire.* 502 U.S. 62 (1991).

**Ground Three: Improper Limiting Instruction on Prior Bad Acts**

In his Third Ground for Relief, Howell asserts the trial court's limiting instruction on the

prior bad acts testimony was untimely and insufficient in content.  The Warden raised a procedural

default defense.  The Report concluded this defense was well taken because Howell did not make

a contemporaneous objection and the Second District enforced the contemporaneous objection rule

by reviewing this claim only for plain error (Report, ECF No. 21, PageID 867-70).  The Magistrate

Judge also concluded the claim was procedurally defaulted because it had not been fairly presented

to the Second District as a federal constitutional claim.  *Id.* at PageID 870-72.

Howell objects that he can overcome the procedural defaults by showing excusing cause

and prejudice or by showing that it would constitute a "fundamental miscarriage of justice" not to

consider this claim on the merits (Objections, ECF No. 24, PageID 901).

**Cause and Prejudice:  Ineffective Assistance of Trial and Appellate Counsel**

Howell asserts the cause of his procedural defaults on Ground Three is the ineffective

assistance of counsel he received both from his trial attorney and his appellate counsel.  He asserts

the jury instruction on prior bad acts was deficient in content because it told the jury that the

testimony was only relevant to Howell's credibility and did not tell them it could not be used to

find him guilty of the charged offense, i.e., as character or propensity evidence (Objections, ECF

No. 24, PageID 901).  As to timing, Howell asserts his trial attorney improperly allowed the

propensity instruction to be given as part of the general jury charge, rather than immediately after

the propensity evidence was given. *Id.*

Although the Warden had pleaded procedural default in the Return, the Report found that

"Howell does not argue any excusing cause for the failure to object or the failure to argue this as

a constitutional issue on appeal."  (ECF No. 21, PageID 872).  In other words, the ineffective

assistance claims are newly raised in the Objections.

Ineffective assistance of counsel can indeed be cause for excusing a procedural default.

*Kelly v. Lazaroff,* 846 F.3d 819, 829 (6th Cir. 2017) (quoting *Murray v. Carrier,* 477 U.S. 478,

488 (1986)).  However, an ineffective assistance claim cannot be presented as cause if it was itself

procedurally defaulted in the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Howell raised ineffective assistance of trial counsel as his Sixth Assignment of Error

on direct appeal (Appellant's Brief, State Court Record, ECF No. 13, Ex. 10, PageID 131-32).

Among the asserted instances of ineffective assistance of trial counsel was "Counsel also

agreed to an instruction on the past allegations of sexual misconduct that was incomplete and

insufficient (see Assignment of Error #3, supra.)." *Id.* at PageID 132.  The Second District

decided this Assignment of Error on the merits, applying the appropriate federal standard from

*Strickland v. Washington,* 466 U.S. 668 (1984) and held

> {¶ 65} We next turn to the claim that counsel failed to request a
> proper limiting instruction regarding the allegations of sexual

> misconduct involving other women. Given our disposition of the
> third assignment of error, we conclude that counsel's conduct did not
> fall below an objective standard of reasonableness.

*State v. Howell,* 2020-Ohio-821 (Ohio App. 2nd Dist. Mar. 6, 2020). With respect to the Third

Assignment of Error, the Second District found there was no error in the content of the instruction

because in fact the testimony in question was admissible, undermining Howell's testimony that no

one had ever accused him of sexual misconduct. *Howell, supra,* at ¶ 39. The Second District

found no prejudice from the timing. *Id.* at ¶ 40. It cannot be ineffective assistance of trial counsel

to fail to make objections which are themselves without merit. Thus the Second District's denial

of this ineffective assistance of trial counsel claim on the merits is entitled to deference under 28

U.S.C. § 2254(d)(1) because it is an objectively reasonable application of *Strickland*. Howell

cannot rely on a contrary view to excuse his procedural default of Ground Three.

Howell also asserts it was ineffective assistance of appellate counsel to fail to raise this

Assignment of Error as a constitutional claim on direct appeal. Ineffective assistance of appellate

counsel will also excuse a procedural default, but is subject to the same limitation on trial counsel

claims imposed by *Edwards v. Carpenter, supra.* In Ohio the sole method for raising a claim of

ineffective assistance of appellate counsel is by application for reopening under Ohio R. App. P.

26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Howell filed such an application August 20,

2020 (State Court Record, ECF No. 13, Ex. 23). However he never raised there the claim of

ineffective assistance of appellate counsel he makes here. Because Howell did not raise the claim,

he has procedurally defaulted it and therefore cannot rely on it to excuse his failure to properly

present Assignment of Error Three to the Second District.

In sum, Howell has failed to show that either ineffective assistance of trial counsel or

ineffective assistance of appellate counsel excuses his failure to properly present Assignment of

Error Three to the Second District.

**Fundamental Miscarriage of Justice**

Howell also asserts it would be a "fundamental miscarriage of justice" to fail to consider his Third Ground for Relief on the merits (Objections, ECF No. 24, PageID 901). What Petitioner means by a "fundamental miscarriage of justice" is

> Because there is no question that the propensity evidence of prior bad acts is what clearly convinced this jury that Petitioner must be guilty, considering the alleged victim was impeached consistently throughout her entire testimony and this was a "He said yes, she said no" circumstance.

(Objections, ECF No. 24, PageID 902).

By "fundamental miscarriage of justice," the Supreme Court means a case in which a person who is probably innocent has nevertheless been convicted in an unconstitutional manner. To put it another way, to establish a "fundamental miscarriage of justice" which will excuse a procedural default, a petitioner must make a strong showing that he is actually innocent of the crime. *Calderon v. Thompson*, 523 U.S. 538, 557-58 (1998) (holding that "avoiding a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence"); see *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). Such a showing of actual innocence must be made by presenting new evidence – evidence not presented to the trial jury.

> Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998).

7

> "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).  Howell has presented no new evidence of his innocence at all, much less evidence of the quality required by *Souter* and *Schlup*.  Because he has not presented such evidence, Howell cannot rely on the fundamental miscarriage of justice exception to procedural default.

Because Howell has not overcome his procedural default of Ground Three, the Magistrate Judge again recommends that it be dismissed.

**Ground Four: Conviction Against the Manifest Weight of the Evidence and Supported by Insufficient Evidence**

In his Fourth Ground for Relief, Howell asserts his conviction is against the manifest weight of the evidence and is also supported by insufficient evidence.  The Report noted that a manifest weight claim arises only under state law and cannot form the basis of habeas corpus relief (Report, ECF No. 21, PageID 872, citing *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).  Howell does not object to this conclusion.

Insufficiency of the evidence is a cognizable habeas claim under the Due Process Clause with the appropriate standard for assessing sufficiency established by *Jackson v. Virginia*, 443 U.S. 307 (1979).  Applying that standard, the Second District found there was sufficient evidence. The trial jury, properly instructed on the reasonable doubt standard, had also found guilt beyond a reasonable doubt.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No

104-132, 110 Stat. 1214)(the "AEDPA"), a habeas court must defer both to the jury's finding and

that of the court of appeals. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Howell emphasizes the many ways in which the victim's testimony was impeached, but

the bottom line is that the impeachment did not persuade the jury. A habeas court is not permitted

to re-weigh the evidence, including the credibility of the witnesses. *Brooks v. Tennessee,* 626 F.3d

878, 887 (6th Cir. 2010).

Howell's objections as to Ground Four should therefore be overruled.


**Ground Five: Denial of Fair Trial: Testimony Regarding Law Enforcement Information Website**

In his Fifth Ground for Relief, Petitioner claims he was denied a fair trial when Detective

Hartwell testified he found Howell's whereabouts by inquiry to a law enforcement information

website. Howell asserts this implied to the jury that he had a criminal record when in fact he did

not and that this supposed "propensity" evidence is what convicted him.

The Report concluded this claim was procedurally defaulted for lack of a contemporaneous

objection, as the Second District found, and failure to present it to the Second District as a

constitutional claim, (Report, ECF No. 21, PageID 879). Alternatively the Report found the claim

was without merit because the Supreme Court has never held mention of prior bad acts amounts

to denial of a fair trial and here there was not even such a mention but the supposed inference of

prior bad acts a jury would draw from mention of a "law enforcement website."

Here again Howell asserts excusing cause and prejudice in that his trial attorney did not

object and also that failure to consider the claim on the merits would constitute a fundamental

miscarriage of justice (ECF No. 24, PageID 906). His claim of a fundamental miscarriage of

justice is without merit for the same reasons given above as to Ground Three.

Howell asserts he presented this ineffective assistance of trial counsel claim to the Second

District in his Application to Reopen under Ohio R. App. P. 26(B). *Id.* While Howell did plead as

an omitted assignment of error instances of supposed ineffective assistance of trial counsel, this

was not one of them (See Application, State Court Record, ECF No. 13, Ex. 23). Thus Howell

procedurally defaulted any claim that the ineffective assistance of his trial counsel constitutes

excusing cause for failing to raise the underlying claim on appeal.

Alternatively, the Report recommended dismissing Ground Five on the merits:

> If this Court were to reach the merits, it would conclude that Ground
> Five did not state a claim on which habeas corpus relief could be
> granted. As noted above with respect to Howell's Ground Two,
> there is no clearly established Supreme Court precedent prohibiting
> reference to prior bad acts. *A fortiori*, reference to locating a
> person's address on a "law enforcement information website" does
> not violate any such clear precedent.

(Report, ECF No. 21, PageID 879). Howell offers no objection to this alternative merits analysis.

The Magistrate Judge again recommends Ground Five be dismissed.

**Ground Six: Ineffective Assistance of Trial Counsel**

In his Sixth Ground for Relief, Howell claims that he received ineffective assistance of trial

counsel when his trial attorney (1) failed to impeach the complaining witness by playing her

recorded statement during cross-examination; (2) failed to request a proper limiting instruction

concerning the testimony of prior allegations of sexual misconduct; (3) failed to object to Detective

Hartwell's testimony about retrieving Howell's address from a law enforcement information web

site.

The Report found the first sub-claim was procedurally defaulted by Howell's failure to file

10

a petition for post-conviction relief to introduce the recorded statement and without merit because

the Second District's decision on this claim was an objectively reasonable application of *Strickland*

*v. Washington,* 466 U.S. 668 (1984)(Report, ECF No. 21, PageID 884).  Because the Second

District found no error in the instruction complained of in sub-claim two, it found no merit in

Howell's claim that it was ineffective assistance of trial counsel to fail to object.  The Report again

found this to be a reasonable application of *Strickland*. *Id.* at PageID 885.  Finally, the Second

District found it was reasonable trial strategy not to object to Detective Hartwell's mention of

where he found Howell's address and the Report found this was also a reasonable application of

*Strickland*.  *Id.* at PageID 886.

Regarding the recording, Howell's Objections attempt to dodge that matter by asserting

that he has not ever "argued the content of the recording, only that which the recording not being

played in front of the jury to impeach the alleged victim would have had a substantial impact on

the jury believing or disbelieving the alleged victim." (ECF No. 24, PageID 908).  But that is

precisely the point the Second District made:  without the recording, how can a reviewing court

tell that failure to play the recording would have had any impact on the jury?

The second sub-claim concerns the instruction given to the jury about testimony

contradicting Howell's claim that he had never before been accused on sexual misconduct.  Despite

Howell's repeated characterization, this is not propensity evidence, but evidence impeaching

Howell's testimony that he had never before been accused.  The instruction was correct as given.

Howell emphasizes that Judge Mary Donovan dissented from denial of relief on appeal. but not on

this point.

The Report also found the Second District's decision on the third sub-claim was a

reasonable application of *Strickland* (ECF No. 21, PageID 886).  Howell objects, asserting his

belief that what trial counsel did was not acceptable strategy (ECF No. 24, PageID 912). It is appropriated at this point to recall that habeas courts are required to be deferential both to the choices made by counsel and state courts' evaluations of those choices.

> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. 12, 20 (2013)(quoting *Strickland v, Washington*, 466 U.S. 668, 690 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt."

*Woods v. Etherton*, 578 U.S. 113 (2016)(per curiam; unanimous), reversing *Etherton v. Rivard*, 800 F.3d 737 (6th Cir. 2015). Howell's perfectionist hindsight about what counsel should have done leaves no room for deference to professional judgment by the trial attorney or deference to state appellate judges' experience with assessing trial counsel's work.

The Magistrate Judge again recommends Ground Six be dismissed.

**Ground Seven: Ineffective Assistance of Appellate Counsel**

In his Seventh Ground for Relief, Howell claims his appellate attorney provided ineffective assistance of appellate counsel when he argued the manifest weight and sufficiency of the evidence claims together. The Second District denied this claim on the merits. (Opinion, State Court Record, ECF No. 13, Ex. 25, PageID 278). The Report recommended denying the claim on the merits as well because whether these two claims could properly be argued together was a question of state law and Howell "has not cited any Ohio case in which the court has held that these issues must be argued separately or even that it is a best practice to do so." (Report, ECF No. 21, PageID

888).

Howell objects that manifest weight of the evidence and sufficiency of the evidence are different legal concepts and "it would have been in the Petitioner's best interest to present two separate arguments for each of the entirely different legal concepts."  (Objections, ECF No. 24, PageID 914).  This again amounts to perfectionist hindsight, based on Howell's uneducated guess about how best to present these arguments.  He still cites no Ohio law, either case law or advice on appellate practice which suggests these two claims should be argued separately.  Instead, he relies on Ohio R. App. P. 16 which he says holds "an appellate attorney should never incorporate arguments when filing a direct appeal."  (Objections, ECF No. 24, PageID 914).  The Magistrate Judge can find no such language in Ohio R. App. P. 16  and in any event, combining arguments is not the same as incorporating arguments by reference.

Howell's Objections on Ground Seven should be overruled.


**Ground Eight: Ineffective Assistance of Counsel: Manner of Questioning**

In his Eighth Ground for Relief, Howell claims his attorney provided ineffective assistance of trial counsel when he asked the question which Howell answered by saying he had never been accused by anyone besides the complaining witness of sexual misconduct.  The Report found this claim was procedurally defaulted because it had not been raised on direct appeal or by petition for post-conviction relief (ECF No. 21, PageID 889).

Howell objects that it did not have to be raised by a petition for post-conviction relief (which was never filed) because it could be proven on direct appeal.  He claims that at some point there was a sidebar discussion about whether trial counsel had prepared Howell for certain things he was not permitted to say in front of the jury, such as the amount of prison time he faced if

13

convicted and counsel answered "no." (Objections, ECF No. 24, PageID 917). Despite having been furnished with the entire trial transcript, Howell does not give a record reference and the Court declines to comb the record for a reference Petitioner should have made.

Assuming this claim could have been raised on direct appeal as Howell now asserts, it was not and is procedurally defaulted on that basis. Howell raised it as an omitted assignment of error in his 26(B) application (State Court Record, ECF No. 13, Ex. 23, PageID 269). In rejecting the 26(B) Application, the Second District held that trial counsel's failure to prepare Howell for his testimony was necessarily dependent on matter outside the record which required a post-conviction Petition (Decision and Entry, State Court Record, ECF No. 13, Ex. 25, PageID 279). This decision completely undercuts Howell's assertion that the issue could have been raised on direct appeal.

The Magistrate Judge reaffirms his prior conclusion that Ground Eight is procedurally defaulted.


**Ground Nine: Ineffective Assistance of Trial Counsel: Failure to Object to the State's Failure to Call Corroborating Witnesses**

In his Ninth Ground for Relief, Petitioner asserts he received ineffective assistance of trial counsel when his attorney did not object to the failure of the State to call witnesses to corroborate prior acts of sexual misconduct. The Report found this claim was without merit and procedurally defaulted by Howell's failure to raise it on direct appeal (ECF No. 21, PageID 889-90).

Howell correctly objects that the person who previously accused him of sexual misconduct did not testify at trial as to the prior accusation and no one testified as to the truth of those accusations. But that is not why the information from Mr. Gaddis was admissible. Howell had

14

denied in a volunteered statement[2] that no one had ever before accused him of sexual misconduct.
Whether the prior accusations were true or false, Howell denied that they had ever happened and
the statements were admissible to show Howell's testimony as to prior accusations was untrue and
thereby undermine his credibility generally.

Howell's apparent claim is that if his attorney had objected, the State would somehow have
been forced to call a corroborating witness as to the propensity evidence. Yet Howell asserts
throughout his Objections that it is the propensity evidence that convicted him because no one
could have believed the victim. How calling a corroborating witness about prior bad acts would
have helped the case is difficult to understand. Even arguing that no corroborating witness had
been called would emphasize the propensity evidence to the jury when the obvious best strategy
was to emphasize the weaknesses in the State's case.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again
respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists
would not disagree with this conclusion, it is also recommended that Petitioner be denied a
certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be
objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 4, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[2] The question in response to which Howell volunteered having had sex with the victim was not a question framed in a way likely to get the response counsel did.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.