# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAKOTA L. HOWELL,

        Petitioner,    :    Case No. 3:21-cv-083

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

NORMAN ROBINSON WARDEN,
  London Correctional Institution,

        :
        Respondent.

## DECISION AND ORDER

This case is before the Court on Petitioner's Motion to Have the Ruling from this Court Backdated so that Petitioner can appeal to the Sixth Circuit from this Court's final judgment (the "Motion," ECF No. 34).

The Court entered judgment dismissing the habeas corpus Petition in this case with prejudice on March 2, 2022 (ECF Nos. 30, 31). More than nine months later on September 21, 2022, Petitioner claimed he had "just discovered that the above captioned case was ruled on many months ago" and moved the Court to send him a copy of the judgment and "backdate" it so that he could appeal (ECF No. 32, PageID 967). On September 22, 2022, the Court denied that Motion, holding in part that Petitioner's claim of non-receipt was not credible because the Clerk had mailed the judgment and it had never been returned (ECF No. 33).

Now, over sixty days later, Petitioner has re-filed to request the same relief. The only difference between the two motions is that Petitioner has now included his own affidavit of non-

receipt.

The Magistrate Judge finds the Motion is not well taken for the following reasons.

First of all, the Court is not persuaded Petitioner exercised due diligence in learning the status of his case. How did Petitioner learn judgment had been entered and when did he learn it? He asserts he did not receive the copy the Clerk sent him in March. How then did he learn of the judgment and why did he not pursue that method of keeping track earlier.

Second, Petitioner claims only that he "wants" to appeal. But Judge Newman has already certified to the Sixth Circuit that any appeal would be objectively frivolous. Petitioner makes no attempt to show he has a colorable issue for appeal and thus no reason why he should be encouraged to consume scarce judicial resources.

Third, Petitioner is requesting what amounts to a falsification of public records. Judgment in this case was in fact entered March 2, 2022. To "backdate" the judgment (actually to "forward" date it) would be to falsify that fact. Petitioner cites no authority permitting the Court to act as he requests. Just because the Court controls the time stamp does not mean it can lawfully use the stamp to falsify the public record.

If the Court were to construe Petitioner's motion as a motion to reopen the time to appeal under Fed. R. App. P. 4(a)(6), the motion would be denied because it was made more than 180 days after judgment was entered.

Petitioner's Motion to have the judgment "backdated" is DENIED.

November 29, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge